IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02409-MSK-CBS

SUSIE MALBACIAS,
  Plaintiff,
v.

GROUP VOYAGERS, INC. d/b/a GLOBUS FAMILY OF BRANDS,
ANN M. FLANIGAN, PSY.D.,
ING, EMPLOYEE BENEFITS,
  Defendants.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

  This civil action comes before the court regarding Plaintiff Ms. Malbacias' failure to appear at the Status Conference held on September 9, 2009, failure to respond to Defendants' pending Motions to Dismiss, failure to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failure to prosecute this civil action, and failure to respond to the court's Order to Show Cause.  Pursuant to the Order of Reference dated December 19, 2008, this civil action was referred to the Magistrate Judge to "conduct proceedings," as set forth.  (*See* doc. # 2).  The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

  Proceeding *pro se*, Ms. Malbacias filed her Complaint on November 5, 2008, generally alleging "employment discrimination, harrassment [sic], retaliation, and disability discrimination as well as continuing action - wrongful termination."  (*See* Complaint (doc.

# 1)).  On March 12, 2009, the court held a Scheduling Conference, at which the court noted that Ms. Malbacias had not yet served the Defendants with the summons and complaint.  (*See* Amended Courtroom Minutes/Minute Order (doc. # 6)).  The court granted Ms. Malbacias an additional 45 days to complete service on the Defendants and reset the Scheduling Conference to June 2, 2009.

At the Scheduling Conference held on June 2, 2009, in the presence of Ms. Malbacias and counsel for all of the Defendants, the court set a status conference on September 9, 2009.  (*See* Courtroom Minutes/Minute Order (doc. # 19)).  As Ms. Malbacias had not yet responded to the pending Motions to Dismiss filed by Defendant Flanigan on April 27, 2009 (doc. # 12) and by Defendant ING on April 30, 3009 (doc. # 15), the court further ordered Ms. Malbacias to file her responses to the pending Motions on or before June 22, 2009.  (*See id.*).

The court held the status conference on September 9, 2009.  Counsel for all of the Defendants appeared in person.  Ms. Malbacias did not appear.  A member of the court's staff telephoned Ms. Malbacias at the scheduled time of the hearing and reached only a recorded voice-mail message.  Ms. Malbacias had notice of the status conference, as she was present in the courtroom when the court set the September 9, 2009 status conference and the court's records reflect that her copy of the Courtroom Minutes/Minute Order was not returned in the mail as undeliverable.  (*See* doc. # 19 notice of mailing).  Ms. Malbacias has not contacted the court regarding her failure to appear.  To date, Ms. Malbacias has not filed any responses to the pending Motions to Dismiss.

On September 9, 2009, the court issued an order directing Ms. Malbacias to show cause on or before September 24, 2009 why this civil action should not be dismissed for

2

failure to appear at the September 9, 2009 Status Conference, failure to respond to Defendants' pending Motions to Dismiss, failure to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute this civil action. (*See* doc. # 29). *See also* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order."). The court advised Ms. Malbacias that failure to adequately respond to the Order to Show Cause on or before September 24, 2009 may result in a Recommendation for dismissal of this civil action without further notice. (*See id.*). Ms. Malbacias' copy of the Order to Show Cause, mailed to her address on record with the court, has not been returned to the court as undeliverable.

Ms. Malbacias has failed to appear at the Status Conference held on September 9, 2009, failed respond to Defendants' pending Motions to Dismiss, failed to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failed to prosecute this civil action, and failed to respond to the court's Order to Show Cause. Counsel for Defendants has also represented to the court that Ms. Malbacias has failed to respond to Defendant Group Voyager's written discovery and failed to communicate with defense counsel. (*See* audio recording of Courtroom Minutes/Minute Order (doc. # 19)). Based on all these instances of Ms. Malbacias' noncompliance, this civil action may be dismissed with or without prejudice. *See Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority

to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."). *See also* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.").

In order to recommend the sanction of dismissal with prejudice of this civil action, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (when a dismissal is with prejudice it "should be determined by reference to the Ehrenhaus criteria"). The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds first that Defendants have been

prejudiced.  In the absence of Ms. Malbacias' participation, Defendants are hampered in proceeding to defend the claims in the lawsuit.  Defendants have all appeared through counsel at a hearing at which Ms. Malbacias did not appear.  Defendants have served written discovery to which Ms. Malbacias has not responded.  Ms. Malbacias has not responded to Defendants' attempts to communicate with her.  Second, Ms. Malbacias' continuing disregard for the court's orders has increased the workload of the court and interfered with the administration of justice.  More than once the court has reviewed the file and addressed Ms. Malbacias' noncompliance without response from her.  Third, the record does not reveal that anyone other than Ms. Malbacias is culpable for her failure to appear at the September 9, 2009 status conference, her failure to respond to the Defendants' pending motions, her ongoing failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, her failure to prosecute this case, and her failure to respond to the court's Order to Show Cause.  Fourth, the court has warned Ms. Malbacias that this civil action may be dismissed for her noncompliance.  (*See* doc. # 29).  Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has repeatedly failed to comply with previous court orders and the Federal and Local Rules.  All of the five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice.

Accordingly,

IT IS RECOMMENDED that this civil action be dismissed with prejudice for Ms. Malbacias' failure to appear at the September 9, 2009 Status Conference, failure to respond to Defendants' pending Motions to Dismiss, failure to comply with the court's

orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failure to prosecute this civil action, and failure to respond to the court's Order to Show Cause.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant

had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 28th day of September, 2009.

BY THE COURT:

 s/Craig B. Shaffer
United States Magistrate Judge