IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02409-MSK-CBS

SUSIE MALBACIAS,

        Plaintiff,

v.

GROUP VOYAGERS, INC., d.b.a. GLOBUS FAMILY OF BRANDS,
ANN M. FLANIGAN, PSY.D., and
ING, EMPLOYEE BENEFITS DISABILITY MANAGEMENT SERVICES,

        Defendants.

_____

**ORDER ADOPTING RECOMMENDATION IN PART AND
DISMISSING ACTION**
_____

**THIS MATTER** comes before the Court pursuant to the September 28, 2009 Recommendation **(#30)** of the Magistrate Judge that Susie Malbacias's claims be dismissed with prejudice for her failure to appear at a scheduled court hearing; failure to respond to pending motions to dismiss; failure to comply with court orders, the Local Rules of Practice, and the Federal Rules of Civil Procedure; failure to prosecute the civil action; and failure to respond to the Order to Show Cause **(#29)**.  No party filed any objections to this recommendation.

Ms. Malbacias, proceeding *pro se*, commenced this action on November 5, 2008, generally alleging employment discrimination including harassment, retaliation, disability discrimination, and wrongful termination.  The Court referred **(#2)** the case to the Magistrate Judge to conduct certain aspects of pretrial administration.  On March 12, 2009, the Magistrate

1

Judge held a scheduling conference, at which Ms. Malbacias appeared *pro se*. Noting that proper service had not been effectuated on Defendants, the Magistrate Judge granted Ms. Malbacias an additional 45 days in which to complete service on Defendants and reset the scheduling conference for June 2, 2009.

At the June 2nd scheduling conference, the Magistrate Judge set discovery deadlines and set a status conference for September 9, 2009. Additionally, the Magistrate Judge ordered Ms. Malbacias to respond to the pending motions to dismiss filed by Defendants Ann M. Flanigan and ING, Employee Benefits **(#12, #15)** by June 22, 2009.

Ms. Malbacias did not appear at the status conference on September 9, 2009 despite being present when the date was set and having been sent a copy of the minutes of that hearing.[1] A member of the court's staff telephoned Ms. Malbacias but reached only her voicemail. At the hearing, Defendants represented that they had not been able to establish contact with Ms. Malbacias and that she had not responded to their discovery requests. Furthermore, Ms. Malbacias did not respond to either of the two motions to dismiss. Ms. Malbacias has not since contacted the Court regarding her failure to appear, her failure to respond to the motions to dismiss, or to change her address of record.

Given Ms. Malbacias's failure to appear and to respond to the motions to dismiss, the Magistrate Judge issued an Order to Show Cause **(#29)** ordering Ms. Malbacias to show good cause why the action should not be dismissed for failure to appear; failure to respond to the

[1] The Court notes that Ms. Malbacias's complaint indicates that because she recently moved, she is having trouble receiving her mail. However, Ms. Malbacias was present in court when the Magistrate Judge set the status conference and there is no evidence that the Court's mailing was returned as undeliverable.

motions to dismiss; failure to comply with the court's orders, the Local Rules, and the Federal Rules of Civil Procedure; and failure to prosecute.  The Order warned that failure to respond could result in dismissal of the action without further notice and that such dismissal could be either with or without prejudice.  Ms. Malbacias did not respond by the deadline of September 24, 2009.  Accordingly, the Magistrate Judge issued the instant Recommendation **(#30)** reciting the foregoing facts and recommending that Ms. Malbacias's claims be dismissed with prejudice.  A copy of the Recommendation was mailed to Ms. Malbacias at her address of record.

More than ten days have passed since the Recommendation was issued, and no party has filed objections to it under Fed. R. Civ. P. 72(b).  When no party objects to the Recommendation of a Magistrate Judge, the Court has discretion to review the Recommendation under any standard that it deems appropriate.  *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991).  Here, the Court has reviewed the matter under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

In so reviewing the Recommendation, the Court is mindful of Ms. Malbacias's *pro se* status and, therefore, construes her pleadings liberally and holds her to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such liberal construction, however, is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party.  *See*

*McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Fed. R. Civ. P. 41(b) authorizes dismissal of an action due to a failure to prosecute or to comply with a court order or the Federal Rules of Civil Procedure. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). In considering dismissal, the Court considers the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). The *Ehrenhaus* factors are (1) degree of prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the litigant was warned in advance of the possibility of dismissal as a sanction; and (5) the efficacy of lesser sanctions. *See Ehrenhaus*, 965 F.2d at 921. The Court generally agrees with the Magistrate Judge's analysis of these factors and finds that each factor weighs in favor of dismissal.

First, Defendants have been hindered in their ability to proceed with this case as Ms. Malbacias has not responded to the motions to dismiss, has not appeared at court hearings, has not provided discovery to Defendants, nor been available for negotiations. Defendants remain subject to the provisions of the Scheduling Order, but Ms. Malbacias has not complied with it. Second, Ms. Malbacias's actions have delayed the progress of the preparation of this case and have required the Court to issue orders and conduct hearings in an effort to advance it. Ms. Malbacias's disregard for her obligations as a litigant impairs the ability of the Court to ensure compliance with Court rules and procedures. Ms. Malbacias's actions have caused significant prejudice to the efficient operation of the judicial system.

Third, Ms. Malbacias is apparently responsible for her inaction in this case. She was aware of the September 9, 2009 status conference and failed to appear; she was orally ordered at

the June hearing to respond to the motions to dismiss but failed to do so; and she was mailed a copy of the Order to Show Cause but failed to respond.  She has not provided any explanation for her inaction.  As to the fourth factor, the Order to Show Cause expressly warned Ms. Malbacias that failure her to respond could result in dismissal.

With respect to the final factor, the Court finds no sanction less severe than dismissal to address Ms. Malbacias' failure to comply with court orders and her obligations as a litigant.  This matter simply cannot proceed without her participation.  Despite being offered several opportunities to pursue this case (including the opportunity to respond to the Recommendation with an explanation for her inaction), Ms. Malbacias has persistently failed to advance this case, failed to abide by the orders of this Court, the Local Rules, and the Federal Rules of Civil Procedure, and failed to appear at a scheduled court hearing.  However, because her failures are so recent and this case is at such an early point in its preparation, dismissal **with prejudice** is not warranted.

    **IT IS THEREFORE ORDERED** that

    (1)    The Recommendation **(#30)** is **ADOPTED**, in part.

  (2) All of Ms. Malbacias's claims are **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

  (3) The Clerk of the Court shall close this case.

  Dated this 3rd day of November, 2009

        **BY THE COURT:**

        */s/ Marcia S. Krieger*
        _____

        Marcia S. Krieger
        United States District Judge